# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

RAUL EMMANUEL PONCE, III, and
ISRAEL ENRIQUE PONCE,

    Plaintiffs,

vs.

CLOVIS UNIFIED SCHOOL DISTRICT,

    Defendant.

CASE NO. CV F 09-2142 LJO SMS

**ORDER ON DEFENDANT'S MOTION TO DISMISS** (Doc. 10)

## INTRODUCTION

Defendant Clovis Unified School District ("District") moves to dismiss the first amended complaint ("FAC") filed by plaintiffs Raul Emmanuel Ponce, III ("R.P.") and Israel Enrique Ponce ("I.P.") (collectively "plaintiffs"). Plaintiffs, minors proceeding in propria persona, assert claims pursuant to Cal. Ed. Code §56505, the Individuals with Disabilities Act, 20 U.S.C. §1415 ("IDEA"), and Section 504 of the Rehabilitation Act, 29 U.S.C. §794 ("Section 504"). In a Fed. R. Civ. P. 12(b)(6) motion, District moves to dismiss plaintiff's FAC on grounds that the minor plaintiffs lack the capacity to sue, and plaintiffs' non-attorney parents cannot bring an action on behalf of their children without retaining an attorney. In addition, District argues that plaintiffs fail to state a claim, and move for a more definition statement of plaintiffs' claims pursuant to Fed. R. Civ. P. 12(e). For the following reasons, this Court GRANTS District's motion to dismiss with leave to amend and with instructions.

## BACKGROUND

Plaintiffs' three-paragraph FAC provides little detail as to the basis of their federal and state claims. From the FAC, the Court can determine the following facts:

Plaintiffs are brothers who are District elementary school students. This action is a joint appeal of two decisions of the California Office of Administrative hearings (OAH). Plaintiffs appeal a

September 9, 2009 findings and decision issued by Administrative Law Judge Darrel Lepkowsky in R.P.'s administrative action, and an October 19, 2009 findings and decision issued by Administrative Law Judge Charles Marson in I.P.'s administrative action.

In the third paragraph of the complaint, plaintiffs request time to file second amended complaint by February 4, 2010. The FAC is signed by Raul Ponce, Jr. and Ana Bustos-Ponce "Representatives for Plaintiffs." Plaintiffs did not file a second amended complaint.

On February 9, 2010, District moved to dismiss plaintiffs' FAC. Plaintiffs failed to oppose this motion, and District filed no reply. Having considered the FAC and District's arguments, this Court finds this motion suitable for a decision without a hearing. Accordingly, this Court vacates the March 15, 2010 hearing on this motion pursuant to Local Rule 230(g) and issues the following order.

## DISCUSSION

### Pleading And Fed. R. Civ. P. 12(b)(6) Motion Standards

A motion to dismiss pursuant to Fed R. Civ. P. 12(b)(6) is a challenge to the sufficiency of the pleadings set forth in the complaint. A Fed. R. Civ. P. 12(b)(6) dismissal is proper where there is either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Balisteri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990). In considering a motion to dismiss for failure to state a claim, the court generally accepts as true the allegations of the complaint, construes the pleading in the light most favorable to the party opposing the motion, and resolves all doubts in the pleader's favor. *Lazy Y. Ranch LTD v. Behrens,* 546 F.3d 580, 588 (9th Cir. 2008).

To survive a motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1974 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. (quoting *Twombly*, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility for entitlement to relief." *Id.* (quoting *Twombly*, 550 U.S. at 557).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. 554, 127 S. Ct. 1955, 1964-65 (internal citations omitted). Thus, "bare assertions...amounting to nothing more than a 'formulaic recitation of the elements'...are not entitled to an assumption of truth." *Iqbal*, 129 S. Ct. at 1951 (quoted in *Moss v. United States Secret Serv.*, 2009 U.S. App. LEXIS 15694, *14 (9th Cir. 2009)). A court is "free to ignore legal conclusions, unsupported conclusions, unwarranted inferences and sweeping legal conclusions cast in the form of factual allegations." *Farm Credit Services v. American State Bank*, 339 F.3d 765, 767 (8th Cir. 2003) (citation omitted).

Moreover, a court "will dismiss any claim that, even when construed in the light most favorable to plaintiff, fails to plead sufficiently all required elements of a cause of action." *Student Loan Marketing Ass'n v. Hanes*, 181 F.R.D. 629, 634 (S.D. Cal. 1998). In practice, "a complaint . . . must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory." *Twombly*, 550 U.S. at 562, 127 S.Ct. at 1969 (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1984)).

### Minor Must be Represented

A minor cannot maintain an action on his or her own behalf. While a minor is prohibited to appear without representation, a minor may appear as a litigant if represented by a guardian ad litem. Fed. R. Civ. P. 17(c); Local Rule 202(a) (upon "commencement of an action...by or on behalf of a minor...the attorney representing the minor...shall present (1) appropriate evidence of a representative for the minor or incompetent person under state law or (2) a motion for the appointment of a guardian ad litem by the Court."); *see also*, Fed. R. Civ. P. 17(b) (capacity of litigant determined by "law of the state there the court is located"); Cal. Code of Civ. P. §372 (a minor "shall appear either by a guardian or conservator of the estate or by a guardian ad litem appointed by the court in which the action or proceeding is pending, or by the judge in each case."). Accordingly, plaintiffs may not appear in propria persona, as they lack the capacity to sue.

In addition, "a parent or guardian cannot bring an action on behalf of a minor child without

3

retaining a lawyer." *Johns v. County of San Diego*, 114 F.3d 874, 876 (9th Cir.1997).  This rule is based on the common-law doctrine that a "'non-lawyer' 'has no authority to appear as an attorney for others than himself.' " *Id*. (quoting *C.E. Pope Equity Trust v. United States*, 818 F.2d 696, 697 (9th Cir.1987)).  The doctrine is intended to protect litigants and the court from vexatious and poorly drafted claims, and to ensure that litigants' rights are advanced by individuals bound by the duties of competence and professional ethics. *Collinsgru v. Palmyra Board of Education*, 161 F.3d 225, 231 (3rd Cir.1998)*; see also, Johns*, 114 F.3d at 877 (where minors have "claims that require adjudication, they are entitled to trained legal assistance so their rights may be fully protected").

Because plaintiffs are minors that are neither represented by a guardian ad litem or counsel, this Court dismisses this action without prejudice. *Johns*, 114 F.3d at 878.

**Parents Do Not Appear as Litigants**

Although the minor plaintiffs cannot pursue their claims without representation, an adult litigant may represent herself in federal court, 28 U.S.C. § 1654.  Under the IDEA, the rights of parents and children are indistinguishable; thus, plaintiffs' parents may maintain an action in the parents' names to enforce the parents' rights under the IDEA. *Winkelman v. Parma City Sch. Dist.*, 550 U.S. 516, 532 (2007).  Specifically, parents of disabled children are entitled to appear without attorney representation to seek review in federal court of substantive rulings by state educational agencies. *D.K. ex. Rel. Kumetz-Coleman v. Huntington Beach Union High Sch. Dist.*, 428 F. Supp. 2d. 1088, 1094 (C.D. Cal. 2006).

Although the parents signed the FAC as plaintiffs' "representatives," the parents are not named as plaintiffs in this action.  Based on the foregoing, the complaint must be dismissed without prejudice.

**Failure to State a Claim**

In addition to the aforementioned defects, plaintiffs have failed to state a claim under the IDEA, Section 504, or Cal. Ed. Code §56505.  While the notice pleading standard of Fed. R. Civ. P. 8 is liberal, a plaintiff must provide the "grounds of his entitlement to relief," which requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. 554,127 S. Ct. 1955, 1964-65 (internal citations omitted).  A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1974.

Plaintiffs' FAC failed to allege facts to put District on notice as to the substance of their claims.

As to their IDEA claim, Plaintiffs fail to identify which portions of the OAH decisions plaintiffs appeal and on what grounds. To state a Section 504 claim, plaintiff must allege that: "(1) he is an individual with a disability; (2) he is otherwise qualified to receive the benefit; (3) he was denied the benefits of the program solely by reason of his disability; and (4) the program receives federal financial assistance." *Duvall v. County of Kitsap*, 260 F.3d 1124, 1135 (9th Cir. 2001). In addition, a plaintiff must allege "precisely which [Section] 504 regulations are at stake and why." *Mark H. v. Lemahieu*, 513 F.3d 922, 924 (9th Cir. 2008). Plaintiffs FAC lacks sufficient detail and fails to give District notice as to their claims. Accordingly, plaintiffs' FAC is dismissed for failure to state a claim.

### CONCLUSION AND ORDER

For the foregoing reasons, this Court:

1. GRANTS District's Fed. R. Civ. P. 12(b)(6) motion to dismiss plaintiffs' FAC on grounds that minor plaintiffs may not appear as litigants without representation and counsel, and the FAC fails to put District on notice as to the nature of plaintiffs' claims; and

2. GRANTS plaintiffs leave to amend the complaint. If plaintiffs choose to file a second amended complaint, plaintiffs must cure the defects of this complaint **on or before April 12, 2010.** To cure the defects, plaintiffs must:

    a. comply with Local Rule 202(a) (upon "commencement of an action...by or on behalf of a minor...the attorney representing the minor...shall present (1) appropriate evidence of a representative for the minor or incompetent person under state law or (2) a motion for the appointment of a guardian ad litem by the Court.") **or** substitute parents as plaintiffs to enforce their rights under the IDEA; **and**

    b. file and serve a second amended complaint to comply with Fed. R. Civ. P. 8 that states enough facts to give District notice as to plaintiffs' claims.

IT IS SO ORDERED.

Dated:   March 10, 2010              /s/ Lawrence J. O'Neill
                                     UNITED STATES DISTRICT JUDGE