IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAUL EMMANUEL PONCE, III, and ISRAEL ENRIQUE PONCE,<br><br>    Plaintiffs,<br><br>    vs.<br><br>CLOVIS UNIFIED SCHOOL DISTRICT,<br><br>    Defendant.<br>_____ / | CASE NO. CV F 09-2142 LJO SMS<br><br>**ORDER TO DISMISS AND CLOSE** |

### BACKGROUND

Plaintiffs Raul Emmanuel Ponce, III ("R.P.") and Israel Enrique Ponce ("I.P."), (collectively "plaintiffs") are minors proceeding in propria persona to assert claims pursuant to Cal. Ed. Code §56505, the Individuals with Disabilities Act, 20 U.S.C. §1415 ("IDEA"), and Section 504 of the Rehabilitation Act, 29 U.S.C. §794. In a Fed. R. Civ. P. 12(b)(6) motion, Defendant Clovis Unified School District ("District") moved to dismiss the first amended complaint ("FAC") on grounds that the minor plaintiffs lack the capacity to sue, and plaintiffs' non-attorney parents cannot bring an action on behalf of their children without retaining an attorney. In addition, District argued that plaintiffs failed to state a claim.

On March 10, 2010, this Court granted District's motion to dismiss. In the March 10 Order, this Court ruled, "A minor cannot maintain an action on his or her own behalf. While a minor is prohibited to appear without representation, a minor may appear as a litigant if represented by a guardian ad litem." *Id*. at 3. "In addition, "a parent or guardian cannot bring an action on behalf of a minor child without

retaining a lawyer." *Id.* at 3-4 (citing *Johns v. County of San Diego*, 114 F.3d 874, 876 (9th Cir.1997)). Because plaintiffs are minors that are neither represented by a guardian ad litem or counsel, this Court dismissed this action without prejudice. *Id.* at 4.

The March 10 Order further addressed the rights of the plaintiffs and their parents under the IDEA. "Under the IDEA, the rights of parents and children are indistinguishable; thus, plaintiffs' parents may maintain an action in the parents' names to enforce the parents' rights under the IDEA." *Id.* (citing *Winkelman v. Parma City Sch. Dist.*, 550 U.S. 516, 532 (2007)). Thus, the Court made clear that the "parents of disabled children are entitled to appear without attorney representation to seek review in federal court of substantive rulings by state educational agencies." *Id.* (citing *D.K. ex. Rel. Kumetz-Coleman v. Huntington Beach Union High Sch. Dist.*, 428 F. Supp. 2d. 1088, 1094 (C.D. Cal. 2006)).

In addition to the aforementioned defects, plaintiffs failed to state a claim under the IDEA, Section 504, or Cal. Ed. Code §56505. *Id.* at 4-5.

Based on the foregoing, this Court granted without prejudice District's motion to dismiss and ordered as follows:

> If plaintiffs choose to file a second amended complaint, plaintiffs must cure the defects of this complaint **on or before April 12, 2010.** To cure the defects, plaintiffs must:
> a. comply with Local Rule 202(a) (upon "commencement of an action...by or on behalf of a minor...the attorney representing the minor...shall present (1) appropriate evidence of a representative for the minor or incompetent person under state law or (2) a motion for the appointment of a guardian ad litem by the Court.") **or** substitute parents as plaintiffs to enforce their rights under the IDEA; **and**
> b. file and serve a second amended complaint to comply with Fed. R. Civ. P. 8 that states enough facts to give District notice as to plaintiffs' claims.

*Id*. at 5.

Two days after the March 10 Order was filed, plaintiffs attempted to file a second amended complaint. By minute order, this Court ruled as follows:

> This Court STRIKES plaintiffs' second amended complaint (Doc. 22) for failure to comply with this Court's March 10, 2010 order (Doc. 21). The Court's March 10, 2010 order remains in effect. Plaintiffs must cure the defects of the complaint on or before April 12, 2010. If Plaintiffs fail to cure the complaint's defects on or before April 12, 2010, this Court may dismiss Plaintiffs' claim for failure to obey this Court's order, and for the reasons described in the March 10, 2010 order

2

Doc. 23 ("March 16 Order").

On April 13, 2010, plaintiffs filed another second amended complaint (the fourth complaint filed in this action). The minor plaintiffs continue to appear in propria persona and without representation by counsel. The second amended complaint indicates that plaintiffs are minors "by and through their parents and legal guardians," however, the parents have failed to petition the Court to become guardians ad litem for plaintiffs. Accordingly, plaintiffs second amended complaint remains defective.

## DISCUSSION

"District courts have inherent power to control their dockets and may impose sanctions, including dismissal, in the exercise of that discretion." *Hernandez v. City of El Monte*, 138 F.3d 393, 398 (9th Cir. 1998). This Court's Local Rule 110 provides: "Failure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for the imposition by the Court of any and all sanctions...within the inherent power of the Court." "A 'primary aspect' of every federal court's inherent power is 'the ability to fashion an appropriate sanction for conduct which abuses the judicial process." *Id*. at 398-99 (quoting *Chambers v. NASCO, Inc*., 501 U.S. 32, 44-45 (1991)). A court may dismiss an action, with prejudice, based on a party's failure to obey a court order or local rules. *Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995).

Plaintiffs have disobeyed two court orders and the Court's local rules. *See* March 10 Order at 3. The March 10 order made clear the defects of the complaint and specifically addressed the ways in which plaintiffs could cure those defects. Ignoring that March 10 Order, plaintiffs attempted to file a defective second amended complaint. Because the deadline had not yet elapsed, this Court allowed plaintiffs an additional chance to comply with the March 10 Order, reiterated the defects, and advised plaintiffs that this action may be dismissed for failure to comply with the Court's March 10 Order in its March 16 Order. Plaintiffs again disobeyed this Court's March 10 and March 16 Orders by: (1) filing the second amended complaint after the filing deadline, as set forth in the March 10 and March 16 orders; and (2) failing to: (a) petition for guardian ad litem; (b) obtain counsel; and/or (c) name a plaintiff with capacity and standing to pursue this action.

Before dismissing an action, this Court is required to weigh several factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of

prejudice to the defendants; (4) the public policy favoring disposition of cases of their merits; and (5) the availability of less drastic sanctions." *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986). The following factors weigh in favor of dismissal: the public's interest in expeditious resolution of litigation (after four attempts over a four month period of time, plaintiffs have failed to file an initial pleading to allow this litigation to move forward); risk of prejudice to defendants; and court's need to manage its docket (the multiple orders required to address plaintiffs' repeated failures to file a complaint that complies with the local rules and applicable statutes places an additional burden on an overly-burdened court). In addition, the Court finds that there are no alternative sanctions available. Plaintiffs demonstrate that they are either unwilling or unable to file a complaint that names plaintiffs who have the capacity and standing to sue. Without standing and capacity, this litigation cannot move forward. No other sanction addresses plaintiffs' inability to proceed on this action on their own behalf as minors. Moreover, because of plaintiffs' repeated failures to obey this Court's specific orders to cure the defects of the complaint, plaintiffs have demonstrated that they will not respond to alternative sanctions. Having weighed the relevant factors, this Court finds dismissal to be an appropriate sanction.

### CONCLUSION AND ORDER

For the foregoing reasons, this Court DISMISSES without prejudice this action, and DIRECTS the clerk of court to close this action administratively.

IT IS SO ORDERED.

**Dated:   April 16, 2010**              **/s/ Lawrence J. O'Neill**
                                         UNITED STATES DISTRICT JUDGE